UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLENE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:14cv1765 |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a motion for an award of attorneys fees under 42 U.S.C. §406(b), filed by the Plaintiff, Charlene Johnson, on February 2, 2017. The defendant Commissioner filed a response on March 7, 2017, indicating no opposition to the motion.

Discussion

Plaintiff filed claims for Disability Insurance Benefits (DIB – Title II) and Supplemental Security Income Benefits (SSI – Title XVI) on October 15, 2010. (Dkt. 15 at 141-53) Plaintiff's claims were denied on February 3, 2011. (Dkt. 15 at 93-100) Plaintiff filed a request for reconsideration on March 14, 2011, (Dkt. 15 at 101), but was denied again on July 21, 2011. (Dkt. 15 at 102-07) Plaintiff requested an administrative hearing on September 2, 2011. (Dkt. 15 at 108-10)

Plaintiff retained Keller & Keller LLP for representation October 23, 2012. (Dkt. 15 at 132-33) Plaintiff agreed that "if any of my claim(s) progress to the U.S. Courts and is then favorably decided, then my attorney may elect to motion the U.S. Courts to approve a fee of 25% of all past due benefits without limitation pursuant to 42 U.S.C. section 406(b) . . . ." (Plaintiff's Exhibit A)

On November 6, 2012, Plaintiff appeared in Valparaiso, Indiana, for a hearing before Administrative Law Judge (ALJ) Mark Naggi of the Office of Disability Adjudication and Review (ODAR). (Dkt. 15 at 29-88) On March 7, 2013, ALJ Naggi issued an unfavorable determination. (Dkt. 15 at 9-27) Plaintiff filed a request for review with the Appeals Council, but the Appeals Council denied the request on May 30, 2014. (Dkt. 15 at 1-6)

Plaintiff then timely filed this civil action on July 31, 2014. (Dkt. 1) On August 28, 2015, this Court issued an order to reverse and remand the case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 35) On December 3, 2015, Plaintiff's attorney obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $4,498.50. (Dkt. 40) Plaintiff's attorney did not receive this payment, because the payment was applied to Plaintiff's existing debt owed to the U.S. Department of Education. (Plaintiff's Exhibit E) After the claim was reconsidered by the agency, Plaintiff's claim for benefits was approved on August 25, 2016. (Plaintiff's Exhibit B)  Plaintiff was awarded past-due benefits totaling $48,145.00. (Plaintiff's Exhibit C at 4)

The Social Security Act's provisions governing fees for representation are found in 42 U.S.C. § 406; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney fees under the Social Security Act). Section 406(a) governs fees for representing claimants in the administrative process, so a federal court does not determine whether to award any fee for representation under section 406(a). 42 U.S.C. § 406(a). Section 406(b) governs attorney fees for successful litigation for benefits under Title II of the Social Security Act such as Disability Insurance Benefits, 42 U.S.C. §§ 416(I), 423, and, pursuant to § 302 of Public Law 108-203, for

2

litigation for benefits under Title XVI of the Social Security Act or Supplemental Security Income, 42 U.S.C. §§ 1382, 1382a. 42 U.S.C. § 406(b). Section 406(b)(1) provides: Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . . 42 U.S.C. § 406(b)(1).

The court must review all fee requests under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id*. In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id*. at 808.

In the present case, Plaintiff's attorney contends that the requested fee of $12,036.25 is reasonable. This amount reflects a valid contract between Plaintiff and his counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time Counsel expended on the matter, and the award – but not receipt – of an EAJA fee.

3

Plaintiff contracted with Plaintiff's attorney to pay 25 percent of past due benefits without limitation if the undersigned represented her before a federal court and obtained a favorable outcome. (Plaintiff's Exhibit A) After this litigation, Plaintiff received as past-due Title II benefits $48,145.00. (Plaintiff's Exhibit C) Plaintiff's attorney requests that the Court approve an overall award of $12,036.25—or 25 percent of the Plaintiff's past-due benefits. This award is within the statutory maximum of 25 percent of past due benefits and in accordance with what the Plaintiff contracted to pay Counsel.

Plaintiff's attorney submits that the requested fee is reasonable because the requested fee reflects the contingent nature of the recovery. Civil actions for Social Security claimants possess a substantial risk of loss. Between 2005 and 2010, federal district courts affirmed approximately half of the appealed administrate decisions denying such claimants benefits. *See Aspects of Disability Decision Making, Social Security Advisory Board, July 2012, Chart 65*. It was also uncertain that Plaintiff's claim would be approved following a federal court remand. *Id*. at Chart 51. Because Plaintiff's attorney may only collect a 42 U.S.C. § 406(b) fee from those who ultimately receive benefits, the risk associated with engaging in such litigation is significant.

Plaintiff's attorney further contends that the requested fee is reasonable because Plaintiff ultimately recovered $48,145.00 in past-due benefits. Counsel's requested fee— $12,036.25—is considerably less than a typical contingent fee recovery. *See* Herbert M. Kritzer, *The Wages of Risk: The Returns of Contingency Fee Legal Practice*, 47 DePaul L. Rev. 267, 285 (1998); cf. *Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992) (Posner, J.) ("We know that in personal-injury suits the usual range for contingent fees are between 33 and 50 percent"). Moreover, while Plaintiff's attorney is seeking a fee solely from Plaintiff's past-due

4

benefits, Plaintiff will receive much more due to Counsel's efforts before this Court. She will receive ongoing benefits until she dies, reaches retirement age, or becomes no longer disabled. She will also be entitled to the value of health care benefits which accompany her concurrent award of benefits under Title II. Thus, Counsel's requested fee reasonably compensates him for the substantial monetary and other benefits which resulted from this litigation.

The requested fee also reflects the time and attention which Keller & Keller LLP devoted to Plaintiff's case before this Court. Counsel spent a total of 16.1 attorney hours and 15.2 non-attorney hours on the civil litigation. (Plaintiff's Exhibit D) This equates to approximately a $385 per hour fee. If approved for the full amount of this request, Plaintiff's counsel indicates that neither he nor his law firm will request fees for work performed before the agency under § 406(a).

Such compensation in a contingency fee case is not "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 35 U.S. at 808; *Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363646, at *2, *4 (S.D. Ind. Feb. 11, 2009) (approving hourly rate of approximately $800); *Anzalone v. Colvin*, No. 11-cv-552, 2013 U.S. Dist. LEXIS 123793, at *5 (E.D. Wis. August 29, 2013) (approving hourly rate of $579); *Stemper v. Astrue*, No. 04-cv-838-jcs, 2008 U.S. Dist. LEXIS 54951, at *1 (W.D. Wis. July 14, 2008) (approving hourly rate of $666); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3, *4 (N.D. Ind. Aug. 30, 2010)(approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-CV-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to hourly rate of $583.50).

Plaintiff's attorney indicates that he obtained an order for an award of attorney's fees

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $4,498.50. (Dkt. 40) However, as noted above, this amount was not paid to Counsel. Plaintiff had an outstanding debt with the U.S. Department of Education; in accordance with federal law, the Treasury Department collected the entire portion of the EAJA award. (Plaintiff's Exhibit E)

For the reasons set forth above, this Court agrees that Plaintiff's attorney has demonstrated that the requested 42 U.S.C. § 406(b) fee of $12,036.25 is reasonable. Accordingly, the fee request will be granted.

## Conclusion

On the basis of the foregoing, the Motion for Attorney Fees Under 42 U.S.C. § 406(b) [DE 44] is hereby GRANTED.

Entered: April 6, 2017.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court